UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESNEL SAINT-VIL,

Petitioner,

v. Case No.: 2:26-cv-02966-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Esnel Saint-Vil's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Saint-Vil is a native and citizen of Haiti who entered the United States on October 12, 2024. The Department of Homeland Security (DHS) inspected him, commenced removal proceedings, and paroled him into the country. He has work authorization, a pending asylum claim, and no known criminal history. Immigration and Customs Enforcement (ICE) took Saint-Vil into custody on October 21, 2026. He is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

Saint-Vil claims his detention without process violates the Fifth Amendment. In response, the government confirms it will not conduct a bond hearing because it considers Saint-Vil an "arriving alien" subject to mandatory

detention under 8 U.S.C. § 1225(b)(2)(A). The government's position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Saint-Vil's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Saint-Vil's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Saint-Vil is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, while the government has a legitimate interest in preventing noncitizens in removal proceedings from absconding, the process attendant to § 1226(a) would be adequate to serve the interest in this case. That process

includes an initial custody determination, the right to request a custody redetermination hearing, and the right to request additional hearings when circumstances materially change. By classifying Saint-Vil as an "arriving alien" subject to mandatory detention under § 1225(b)(2), the government has stripped him of the right to any discretionary review of his detention, no matter the circumstances.

For these reasons, the Court finds that the government violated Saint-Vil's Fifth Amendment rights by detaining him under an inapplicable statutory framework that does not provide due process.

Accordingly, it is hereby **ORDERED**:

Esnel Saint-Vil's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Saint-Vil and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record